IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) FILED UNDER SEAL ) |
| v. | ) ) CIVIL ACTION NO. 4:13cv382 |
| RFF GP, LLC, KGW CAPITAL MANAGEMENT, LLC, and KEVIN G. WHITE, | ) ) ) ) ) |
| Defendants, | ) ) |
| REVELATION FOREX FUND, LP, MERIDIAN PROPANE LP, and W CORPORATE REAL ESTATE, LP d/b/a KGW REAL ESTATE, | ) ) ) ) ) |
| Relief Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
TO TEMPORARILY SEAL DOCKET AND CASE FILE**

Plaintiff, U.S. Commodity Futures Trading Commission ("Commission" or "Plaintiff") has filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties pursuant to the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq*. (the "Act") against Kevin G. White, RFF GP, LLC, and KGW Capital Management, LLC (collectively "Defendants"), and Revelation Forex Fund, LP, Meridian Propane LP, and W Corporate Real Estate, LP d/b/a KGW Real Estate (collectively "Relief Defendants"). In addition, the Commission has filed its *Ex Parte* Emergency Motion for a Statutory Restraining Order, Appointment of a Temporary Receiver, Expedited Discovery, An Order to Show Cause Regarding a Preliminary Injunction, and Other Equitable Relief (the "SRO Motion"). The Commission has also filed an *Ex Parte* Motion to Temporarily Seal Docket and Case File (the "Motion to Seal") (docket entry #2).

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in support of the SRO Motion and the Motion to Seal. Based upon the entire record, the Court finds that:

1. This Court possesses jurisdiction over the parties and over the subject matter of this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

2. That venue lies properly within this District pursuant to Sections 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

3. That Section 6c of the Act, 7 U.S.C. § 13a-1, authorizes *ex parte* relief;

4. That this is a proper case for granting the relief sought in the Motion to Seal to enable the Commission to fulfill its statutory duties; and

5. The Commission's *ex parte* request for a seal is of brief duration and thus narrowly tailored to its interests as balanced against those of the public.

**THEREFORE**, for good cause shown, the Court:

**HEREBY ORDERS** that the Motion to Seal is **GRANTED** and that said docket and case file, including but not limited to, pleadings, motions, memoranda, exhibits, proposed orders, and Orders, be temporarily sealed. The seal will automatically expire upon the earlier of (1) seventy-two (72) hours following issuance of the requested *ex parte* statutory restraining order; or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary. In addition, the sealing of the record and case file as set forth herein shall not affect the ability of the Commission to notify financial institutions and other entities or persons who hold or have held, control or have controlled, or maintain or have maintained custody of any of either Defendants' or Relief Defendants' assets of the issuance and terms of the Order granting the SRO Motion.

**SIGNED this the 9th day of July, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE