# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) | |
| Plaintiff, ) ) | FILED UNDER SEAL |
| v. ) ) | CIVIL ACTION NO. 6:35/ex/5: 4 |
| RFF GP, LLC, KGW CAPITAL ) MANAGEMENT, LLC, and KEVIN G. ) WHITE, ) ) | |
| Defendants, ) ) | |
| REVELATION FOREX FUND, LP, ) MERIDIAN PROPANE LP, and ) W CORPORATE REAL ESTATE, LP d/b/a ) KGW REAL ESTATE, ) ) | |
| Relief Defendants. ) | |

## ORDER GRANTING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR A STATUTORY RESTRAINING ORDER, APPOINTMENT OF A TEMPORARY RECEIVER, EXPEDITED DISCOVERY, AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF

Before the Court is Plaintiff, U.S. Commodity Futures Trading Commission's (the "Commission" or "Plaintiff") *Ex Parte* Emergency Motion for a Statutory Restraining Order, Appointment of a Temporary Receiver, Expedited Discovery, An Order to Show Cause regarding a Preliminary Injunction, and Other Equitable Relief (the "SRO Motion") [de #3]. The Court, having considered the SRO Motion and all other evidence presented by Plaintiff, finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2006 & Supp. V 2011).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006).

3. There is good cause to believe that Defendants, RFF GP, LLC, KGW Capital Management, LLC, and Kevin G. White (collectively "Defendants"), have engaged, are engaging, or are about to engage in acts and practices constituting violations of the Act, as amended, 7 U.S.C. §§ 1 *et seq*. (2006 & Supp. V 2011).

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for Defendants' pool participants in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or records unless Defendants and Relief Defendants, Revelation Forex Fund, LP, Meridian Propane LP, and W Corporate Real Estate, LP, d/b/a KGW Real Estate ("KGW Real Estate") (collectively "Relief Defendants"), are immediately restrained and enjoined by Order of the Court.

5. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants.

6. Good cause exists for entry of an order prohibiting Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

7. Good cause exists for the appointment of a Temporary Receiver to take control of all assets owned, controlled, managed or held by, or on behalf of, or for the benefit of Defendants and Relief Defendants in order to preserve assets, investigate and determine pool participants' claims, determine unlawful proceeds retained by Defendants and Relief Defendants and amounts due to pool participants as a result of Defendants' alleged violations, and distribute remaining funds under the Court's supervision.

8. Good cause exists for Plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate other pool participants and other of the assets of the Defendants and Relief Defendants, and clarify the source of various funds.

9. Weighing the equities and considering Plaintiff's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

10. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

11. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general

intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including off-exchange foreign currency ("forex"), futures, swaps or options contracts), insurance policies, and all cash, wherever located.

12. "Defendants" shall mean and refer to not only RFF GP, LLC, KGW Capital Management, LLC, and Kevin G. White, but also to any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants.

13. "Relief Defendants" shall mean and refer to not only Revelation Forex Fund, LP, Meridian Propane LP, and KGW Real Estate, but also to any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Relief Defendants.

## RELIEF GRANTED

### I. Order Against Transfer, Dissipation, and Disposal of Assets

**IT IS HEREBY ORDERED** that:

14. Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of the Defendants' and Relief Defendants' Assets, wherever located, including the Defendants' and Relief Defendants' Assets held outside the United States, except as provided in Section II of this Order, or as otherwise ordered by the Court. The Defendants' and Relief Defendants' Assets

4

affected by this paragraph shall include both existing Assets and Assets acquired after the effective date of this Order.

15. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by them.

## II.     Accounting and Transfer of Funds and Documents

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendants and Relief Defendants shall:

16. Provide the Commission and the Temporary Receiver with a full detailed accounting of all funds, documents, and assets, including the Assets, inside and outside of the United States that are held by Defendants and Relief Defendants for their benefit, or under their direct or indirect control, whether jointly or singly;

17. Transfer to the territory of the United States, to the possession, custody, and control of the Temporary Receiver, all funds, documents, and assets, including the Assets (other than real property), located outside the United States that are held by Defendants and Relief Defendants for their benefit, or under their direct or indirect control, whether jointly or singly; and

18. Provide the Commission and Temporary Receiver immediate access to all records of Defendants and Relief Defendants held by financial institutions located within or outside the territorial United States by signing the ***Consent to Release of Financial Records*** attached to this Order.

## III.     Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED** that, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has

controlled, maintains or has maintained, custody of any of the Defendants' and Relief Defendants' Assets at any time on or after September 1, 2011, shall:

19. **<u>Immediately upon receipt of a copy of this Order</u>** prohibit Defendants and Relief Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of the Defendants' and Relief Defendants' Assets, except as directed by further Order of the Court;

20. **<u>Immediately upon receipt of a copy of this Order</u>** deny Defendants and Relief Defendants and all other persons, other than the Court-appointed Temporary Receiver, access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants, either individually or jointly, whether in the name, alias, or fictitious "doing business as" name; or (b) otherwise subject to access by Defendants and Relief Defendants;

21. Provide counsel for the Commission and Temporary Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants (as defined above), either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief

Defendants, either individually or jointly, or is otherwise subject to access by Defendants and Relief Defendants; and

22. Upon request by the Commission and/or the Temporary Receiver promptly provide the Commission and/or the Temporary Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Forms 1099, and safe deposit box logs.

## IV.     Maintenance of Business Records

**IT IS FURTHER ORDERED** that:

23. Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances of Defendants and Relief Defendants and their subsidiaries and affiliates.

## V.     Inspection and Copying of Books and Records

**IT IS FURTHER ORDERED** that:

24. Representatives of the Commission and the Temporary Receiver shall immediately be allowed to inspect the books, records, and other documents of Defendants and Relief Defendants and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendants and Relief Defendants, or others, and to copy said

documents, information and records, either on or off the Defendants' and Relief Defendants' premises;

25. Defendants and Relief Defendants, and their subsidiaries, affiliates, and their officers, agents, servants, employees and attorneys, shall, within 24 hours of the service of this Order, cause to be prepared and delivered to the Commission and the Temporary Receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or any other electronic storage devices or mobile devices, including, without limitation, smart phones and personal digital assistants (collectively, "Computing Devices") owned and/or used by them in connection with Defendants' and Relief Defendants' businesses. The schedules required by this section shall include at a minimum the make, model and description of each Computing Device, along with its location, the name of the person primarily assigned to use the Computing Device, and all passwords necessary to access and use the software contained on the Computing Device. The Commission and the Temporary Receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the Computing Devices;

26. Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission and the Temporary Receiver to locate and provide to representatives of the Commission and the Temporary Receiver all books and records of Defendants and Relief Defendants, wherever such books and records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendants and Relief Defendants;

27. All persons, including but not limited to the Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and any persons who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with or in any way disturbing the Defendants' and Relief Defendants' Assets and from filing or prosecuting any actions or proceedings which involve or which affect the Defendants' and Relief Defendant's Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code or pursuant to Texas statutes, except with the prior permission of this Court.

28. Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and any persons who receive actual notice of this Order by personal service or otherwise, shall cooperate in every way with the Commission and the Temporary Receiver and others working with them and provide such information related to the Defendants' and Relief Defendants' Assets as the Commission and Temporary Receiver reasonably request.

## VI. Appointment of a Temporary Receiver

**IT IS FURTHER ORDERED** that:

29. Kelly M. Crawford is appointed Temporary Receiver for the Defendants' and Relief Defendants' Assets and the assets of any affiliates or subsidiaries of any Defendants and Relief Defendants, with the full powers of an equity receiver. The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order;

A.  **Powers of the Temporary Receiver**

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

   a. Assume full control of the corporate Defendants and any business entities owned by any Defendant, by removing any officer, director, independent contractor, employee or agent of a corporate Defendant, from control and management of the affairs of the corporate Defendant and any business entities owned by any Defendant;

   b. Exercise all the lawful powers of the corporate Defendants and their officers, directors, employees, representatives or persons who exercise similar powers and perform similar duties;

   c. Take exclusive custody, control and possession of all funds, property, and other assets in the possession of, or under the control of Defendants and Relief Defendants, wherever situated. The Temporary Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents.

   d. Enter and take all necessary steps to secure the residential and business premises of Defendants and Relief Defendants;

   e. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to pool participants, customers, or clients;

f.  Prevent the withdrawal or misapplication of funds entrusted to Defendants and Relief Defendants, and otherwise protect the interests of pool participants, customers, or clients;

g.  Collect all money owed to Defendants and Relief Defendants;

h.  Receive and open the mail or other deliveries addressed to Defendants and Relief Defendants;

i.  Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to preserve or increase the assets of Defendants or Relief Defendants necessary to carry out the duties pursuant to this Order;

j.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities upon obtaining leave of this Court and thereafter, only upon further order of this Court;

k.  Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

l.  Open one or more bank or securities accounts as designated depositories for funds of Defendants and Relief Defendants. The Temporary Receiver shall deposit all funds of Defendants and Relief Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Temporary Receiver is authorized to invest receivership funds in

        U.S. Treasury securities, money market funds or other interest-bearing accounts as appropriate in the Temporary Receiver's judgment;

m. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendants or Relief Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure assets; and

n. Close out all forex positions or other outstanding positions and/or hold such assets without further Court order.

**B.    Delivery to Temporary Receiver**

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants and Relief Defendants and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

a. Possession and custody of all funds, property, and all other Assets, owned beneficially or otherwise, wherever located, by Defendants and Relief Defendants;

b. Possession and custody of documents of Defendants and Relief Defendants, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

c. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the Defendants' and Relief Defendants' Assets or documents of Defendants and Relief Defendants, including but not limited to, access to business premises, means of communication, accounts, computer systems, or other property; and

d. Information identifying the accounts, employees, properties or other assets or obligations of Defendants or Relief Defendants.

**C.  Cooperation with the Temporary Receiver**

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants, their agents and representatives, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Temporary Receiver in the performance of his duties.  This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Order; providing all keys, entry codes, PIN numbers, and combinations to locks necessary to gain or secure access to any of the Assets or documents of Defendants or Relief Defendants, and any password required to access any computer or electronic files in any medium of Defendants or Relief Defendants; advising all persons who owe money to Defendants or Relief Defendants that all debts should be paid directly to the Temporary Receiver; and signing any documents reasonably required by the Temporary Receiver to recover Assets.

**D.  Stay**

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Defendants and Relief Defendants and all other persons and

entities seeking relief of any kind from Defendants' and Relief Defendants' Assets (other than the present action by the Commission), including, but not limited to, pool participants, customers, clients, investors, members, partners, trust beneficiaries, note holders, creditors, claimants, lessors, in law or equity, and all persons acting on behalf of any such pool participant, customer, client, investor, member, partner, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby restrained, enjoined and stayed from doing anything, directly or indirectly, to interfere with the Temporary Receiver's performance of his duties and the administration of Defendants' and Relief Defendants' Assets. Accordingly, all such persons are enjoined and stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants, the Relief Defendants, the Temporary Receiver, the receivership assets or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a.    Commencing, prosecuting, litigating or enforcing any civil suit, except that actions may be filed to toll any applicable statute of limitations;

    b.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendants or Relief Defendants or any property claimed by Defendants or Relief Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' or Relief Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

      c.      Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, right of offset, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendants, Relief Defendants, or the Temporary Receiver or any agent of the Temporary Receiver; and

      d.      Doing any act or thing to interfere with the Temporary Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or the duties of the Temporary Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendants or Relief Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental or regulatory unit, such as the National Futures Association, to enforce such governmental or regulatory unit's police or regulatory power.

**E.**    **Temporary Receiver's Report to the Court and Compensation**

**IT IS FURTHER ORDERED** that the Temporary Receiver maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the Commission for inspection, and, within sixty (60) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The Temporary Receiver and all personnel hired by the Temporary Receiver shall be compensated solely out of funds now held by or in the possession or control of or which may in the future be received by Defendants or Relief Defendants, or from proceeds of the sale of Defendants' or Relief Defendants' Assets, and shall not be entitled to any compensation from the Commission. The compensation of the Temporary Receiver and his professionals shall be entitled to priority as administrative expenses. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**F.     No Bond**

**IT IS FURTHER ORDERED** that the Temporary Receiver is appointed without bond.

### VII.    Order Granting Expedited Discovery

**IT IS FURTHER ORDERED** that:

30. The Commission and the Temporary Receiver may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d). The Commission and the Temporary Receiver may take depositions of Defendants and Relief Defendants and non-parties subject to two calendar days notice pursuant to FRCP 30(a) and FRCP 45, that notice may be given personally, by facsimile, or by electronic mail, and more than ten depositions may be taken.

31. The Commission and the Temporary Receiver may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect investors from further loss or damage. This expedited discovery will allow the Commission and the Temporary Receiver to determine the full extent of Defendants' alleged wrongdoing (including, but not limited to, the possible involvement of others), locate Defendants' other customers, identify customers' funds and other of the Defendants' and Relief Defendants' Assets, and clarify the sources of various funds.

## VIII. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED** that:

32. Plaintiff is an agency of the United States of America and, accordingly, need not post a bond.

## IX. Service

**IT IS FURTHER ORDERED** that:

33. Copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or the Defendants' and Relief Defendants' Assets that may be subject to any provision of this Order, and, additionally, that Harry E. Wedewer, John Einstman, Dmitriy Vilenskiy, Jeremy Christianson, or representatives thereof, and representative(s) of the U.S.

Marshals Service are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, any U.S. Marshal or deputy U.S. Marshal, or in accordance with FRCP 4. Further, law enforcement officers, including but not limited to U.S. Marshals, are authorized to assist Commission representatives in effecting service of this Order, Summons and Complaint upon Defendants and Relief Defendants and carrying out the seizure of documents as set out in this Order in accordance with FRCP 4.

## X. Service on the Commission

**IT IS FURTHER ORDERED** that:

34. Defendants and Relief Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Harry E. Wedewer, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581 and/or by filing such pleadings or other materials electronically with the Court.

## XI. Force and Effect

**IT IS FURTHER ORDERED** that:

35. This Order shall remain in full force and effect until further order of this Court and this Court retains jurisdiction of this matter for all purposes.

## XII. Order to Show Cause

**IT IS FURTHER ORDERED** that:

36. Defendants shall appear before United States Magistrate Judge Don D. Bush on the 18th day of July, 2013, at 2:00 p.m., at the United States Courthouse for the Eastern District of Texas, 7940 Preston Road, Plano, Texas 75024, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief

requested should not be granted pending trial on the merits of this action.

37. Should any party wish to file a memorandum of law or other papers in opposition to the SRO Motion, all papers shall be filed with the court by ECF on or before 12:00 p.m. on July 15, 2013 and served via facsimile or overnight delivery to the Commission's Washington, D.C. office no later than 12:00 p.m. on July 15, 2013. The court will not accept a reply.

**SIGNED this the 9th day of July, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

# CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, a resident of _____, do hereby direct any bank, trust, or other financial company, as well as any of its officers, employees, and agents, at which I have or had a bank account or other financial account of any kind operated under my name or any other name (including any corporation or other entity) for which I am or was authorized to draw on the account, to disclose all information and deliver copies of all documents of every nature in the bank's, trust's, or other financial company's possession or control which relate to said bank or other financial accounts to any attorney or investigator of the U.S. Commodity Futures Trading Commission and to give evidence relevant thereto, in the matter of *U.S. Commodity Futures Trading Commission v. RFF GP, LLC, et al.*, Case No. _____, now pending before the United States District Court for the Eastern District of Texas, and this shall be irrevocable authority for so doing. This direction is intended to apply to not only the laws of the United States, but also to the law of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts or other financial accounts for which I may be a relevant principal.

Dated:_____        _____
                                Signature