**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **RFF GP, LLC, KGW CAPITAL MANAGEMENT, LLC, and KEVIN G. WHITE,** <br><br> **Defendants,** <br><br> **REVELATION FOREX FUND, LP, MERIDIAN PROPANE LP, and W CORPORATE REAL ESTATE, LP d/b/a KGW REAL ESTATE,** <br><br> **Relief Defendants.** | ) | **CIVIL ACTION NO. 4:13-CV-382** |

**CONSENT ORDER OF PRELIMINARY INJUNCTION**
**AND OTHER EQUITABLE RELIEF**

Pursuant to the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq*. (2006 & Supp. V 2011), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub. L. No. 111-203, §§ 701-774, 124 Stat. 1376, 1641 *et seq*. (effective July 16, 2011), Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission" or "Plaintiff"), filed a complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties ("Complaint," Docket Entry "D.E." 1), and moved for an *Ex Parte* Emergency Motion for a Statutory Restraining Order, Appointment of a Temporary Receiver, Expedited Discovery, an Order to Show Cause Regarding a Preliminary Injunction, and Other Equitable Relief

("Emergency Motion," D.E. 3). The court has considered the Complaint, the Emergency Motion, and the exhibits filed in support of the Emergency Motion. The court finds that Defendants, RFF GP, LLC, KGW Capital Management, LLC, and Kevin G. White (collectively "Defendants"), and Relief Defendants, Revelation Forex Fund, LP, Meridian Propane LP, and W Corporate Real Estate, LP d/b/a KGW Real Estate (collectively "Relief Defendants"), have been properly served with a copy of the Summons and Complaint. D.E. 16-21.

The court further finds that Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Order, consent to this court's jurisdiction over them, admit that the subject matter of this action is properly before this court, and admit that venue lies properly with this court. The court also finds that Defendants' and Relief Defendants' consent to this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission to induce Defendants or Relief Defendants to consent to this Order.

It appears to the court that there is good cause to believe that Defendants have engaged, are engaging, or are about to engage in acts and practices in violation of provisions of the Act, that Relief Defendants received pool participants' funds to which they had no legitimate interest or entitlement, and that there is a proper case for granting a preliminary injunction to preserve the *status quo*, protect Defendants' existing pool participants and/or prospective pool participants (as well as the trading public at large) from further loss and damage, remove the danger of further violations of the Act and enable the Commission to fulfill its statutory duties. Accordingly, the court finds and orders as follows:

## I.
## JURISDICTION AND VENUE

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. This court possesses jurisdiction over this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1 (2006 & Supp. V 2011), which authorizes the Commission to seek injunctive and other relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. The Commission possesses jurisdiction over the foreign currency solicitations and transactions at issue in this case pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1 (2006 & Supp. V 2011), and Section 2(c)(2)(C) of the Act, as amended, 7 U.S.C. § 2(c)(2)(C) (2006 & Supp. V 2011).

3. Venue properly lies with this court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because Defendants transact business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, or are about to occur within this District.

## II.
## PROHIBITION FROM VIOLATIONS OF THE ACT

**THE PARTIES AGREE AND IT IS FUTHER ORDERED** that:

4. Defendants and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns or attorneys of Defendants, and all persons insofar as they are acting in concert and participation with Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, directly or indirectly:

A. Engaging in conduct in violation of Section 4b(a)(2)(A), (C) of the Act, as amended, 7 U.S.C. § 6b(a)(2)(A), (C) (2006 & Supp. V 2011);

B. Engaging in conduct in violation of Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B) (2006);

C. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a (2006 & Supp. V 2011);

D. Entering into any transactions involving commodity futures, swaps (as that term is defined in Section 1a(47) of the Act, as amended, 7 U.S.C. § 1(a)(47) (2006 & Supp. V 2011) and as further defined by Commission Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2012)) ("swaps"), options on commodity futures, commodity options (as that term is defined in Commission Regulations 1.3(hh) and 32.1(b)(1), 17 C.F.R. §§ 1.3(hh) and 32.1(b)(1) (2012)) ("commodity options"), security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2006 & Supp. V 2011)) ("forex contracts"), for their own personal or proprietary account or for any account in which they have a direct or indirect interest;

E. Having any commodity futures, swaps, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on their behalf;

F. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, swaps, options on commodity futures, commodity options, security futures products, and/or forex contracts;

G. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, swaps, options on commodity futures, commodity options, security futures products, and/or forex contracts;

H. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

I. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

## III.
## FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this court, and that this court retains jurisdiction of this matter for all purposes. Further, the July 9, 2013 Statutory Restraining Order (D.E. 7) and the restrictions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this court, except for the show cause/preliminary injunction hearing on July 18, 2013, at 2:00 p.m., which was canceled.

IT IS SO ORDERED.

**SIGNED this the 11th day of August, 2013.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

Accepted and agreed to this 17th day of July, 2013:

*/s/ Harry E. Wedewer*

Harry E. Wedewer, (*hwedewer@cftc.gov*)
*Pro hac vice*
John Einstman
*Pro hac vice*
U.S. COMMODITY FUTURES TRADING COMMISSION
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
P: (202) 418-5000 (Main)
P: (202) 418-5189 (Wedewer direct dial)
F: (202) 418-5538
**COUNSEL FOR PLAINTIFF**

Accepted and agreed to this 17th day of July, 2013:

Kevin G. White, individually

Accepted and agreed to this 17th day of July, 2013:

Kevin G. White, on behalf of RFF GP, LLC, and KGW Capital Management, LLC as CEO and controlling person

Accepted and agreed to this 17th day of July, 2013:

Kevin G. White, on behalf of Revelation Forex Fund, LP, Meridian Propane LP, and W Corporate Real Estate d/b/a KGW Real Estate as CEO and controlling person

Approved as to form:

Attorney for Defendants and Relief Defendants
D. Mark Elliston, Esq.
325 N. St. Paul Street, Suite 2550
Dallas, Texas, 75201

Accepted and agreed to this 17th day of July, 2013:

/s/ Harry E. Wedewer

Harry E. Wedewer, (*hwedewer@cftc.gov*)
*Pro hac vice*
John Einstman
*Pro hac vice*
U.S. COMMODITY FUTURES TRADING COMMISSION
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
P: (202) 418-5000 (Main)
P: (202) 418-5189 (Wedewer direct dial)
F: (202) 418-5538
**COUNSEL FOR PLAINTIFF**

Accepted and agreed to this ___th day of July, 2013:

______________________________
Kevin G. White, individually

Accepted and agreed to this ___th day of July, 2013:

______________________________
Kevin G. White, on behalf of RFF GP, LLC, and KGW Capital Management, LLC as CEO and controlling person

Accepted and agreed to this ___th day of July, 2013:

______________________________
Kevin G. White, on behalf of Revelation Forex Fund, LP, Meridian Propane LP, and W Corporate Real Estate d/b/a KGW Real Estate as CEO and controlling person

Approved as to form:

______________________________
Attorney for Defendants and Relief Defendants
D. Mark Elliston, Esq.
325 N. St. Paul Street, Suite 2550
Dallas, Texas, 75201
214-752-0400 - Office
214-752-0404-Fax
State Bar Card #06584500