# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, § § § | | |
| Plaintiff, § | | |
| v. § § | | |
| RFF GP, LLC, KGW CAPITAL MANAGEMENT, LLC, and KEVIN G. WHITE, § § § § | Case No.: 4:13-cv-382 | |
| Defendants, § § | | |
| REVELATION FOREX FUND, LP, MERIDIAN PROPANE LP, and W CORPORATE REAL ESTATE, LP d/b/a KGW REAL ESTATE, § § § § § | | |
| Relief Defendants. § | | |
| SECURITIES AND EXCHANGE COMMISSION, § § | | |
| Plaintiff, § § | | |
| v. § § | Case No.: 4:13-cv-383 | |
| KEVIN G. WHITE, KGW CAPITAL MANAGEMENT, LLC, REVELATION FOREX FUND, L.P., and RFF GP, LLC, § § § § § | | |
| Defendants, § § | | |
| and § § | | |
| MERIDIAN PROPANE, L.P., and W CORPORATE REAL ESTATE L.P. d/b/a KGW REAL ESTATE, § § § § | | |
| Relief Defendants. § | | |

## REPORT AND RECOMMENDATION OF
## UNITED STATE MAGISTRATE JUDGE REGARDING DISTRIBUTION PLAN

Kelly M. Crawford, as the Court Appointed Receiver in these companion cases, has submitted a Distribution Plan (*see* Dkt. 44 in 4:13cv382 and Dkt. 49 in 4:13cv383).[1] There was only

---

[1]The Court, by separate order, has already addressed the Receiver's unopposed Proposed Liquidation Plan.

one objection to the plan filed by Community Trust Bank (CTB).

On December 5, 2013, the Court held a hearing on CTB's objections to the proposed Distribution Plan. Having heard the argument of counsel for both the Receiver and CTB and considered the record herein, the Court finds as follows:

CTB originally filed a secured claim of $91,419.90 arising out of a promissory note dated May 19, 2011 in the original principal amount of $100,000 executed by Defendant W Corporate Real Estate LP d/b/a KGW Real Estate. The note was secured by a security interest in all inventory, chattel paper, accounts, equipment, general intangibles, commissions, furniture and fixtures of the defendant, as well a commercial guaranty signed by Kevin White. The Receiver has recommended that $700.16 on deposit with CTB be turned over and that the remaining balance be allowed as an unsecured claim.

The Receiver has proposed a pro-rata distribution to investors because the investors each invested monies in the same fraudulent scheme and said monies were co-mingled into a single trading account at FXCM in the name of Revelation Forex. The pro-rata distribution is based proportionately on the amount invested by each of the investors. The long and short of White's scheme was that he represented that his company had made astonishing returns in foreign exchange investments, when it had not, and that he utilized approximately $1.7 million dollars of the investors' monies for his own personal expenses.[2]

---

[2]White has since pled guilty to wire fraud for which the statutory range is up to 20 years in prison. In his Statement of Facts supporting the plea, he admits he owned and controlled KGW Capital Management which controlled the Revelation Forex Fund. *See* Dkt. 11 in 4:13cr258. He acknowledges that he sold limited partnerships in the Fund. To induce investments, White made several misleading statements, including that RFF's trading and returns were audited, that RFF had three full time brokers, and that the money invested was used to purchase limited partnership interests when in fact White used the money for personal expenditures. He also issued false statements which hid his embezzlement scheme as well as trading losses. White received $7,442,267 from investors and lost about 28% of those funds in

CTB objects to the Receiver's plan to pay investors on a pro-rata basis before paying any amounts to non-investor creditors. CTB does not object to a pro-rata distribution but rather objects to the prioritization of investors over it as a creditor. CTB complains that, after following the Receiver's plan, there will be no monies left to pay it as a creditor.[3]

District courts considering how to treat the investors who have bought into schemes such as White's must determine the most equitable remedy, and they are "vested with broad discretionary power" to do so. *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001) (quotations and alterations omitted). "Sitting in equity, the district court is a 'court of conscience.'" *U.S. v.Durham*, 86 F.3d 70, 73 (quoting *Wilson v. Wall,* 73 U.S. (6 Wall.) 83, 90, 18 L.Ed. 727 (1867)). When a portion of funds to be distributed from the assets of a receivership estate can be traced, it is permissible to apply tracing; however, it is also permissible to allow a pro-rata distribution. *See Durham,* 86 F.3d at 73; *Forex,* 242 F.3d at 331. The Court must therefore determine which type of distribution is most equitable under the facts of this case.

Here, no investor or creditor argues for anything other than a pro-rata distribution. Fortunately, there were a limited number of investors who made significant investments. Only one investor received its contribution back, but that investor, or a related entity, also invested substantial amounts of monies which it did not receive back. Since all investors agree to the Receiver's plan,

---

his RFF account as well as converting about 24% for non investor uses such as dog training, etc. Approximately 41% of the duped investors' monies has been recovered by the Receiver.

[3] CTB says that it relied on a note, lien, and guaranty to protect its interests but that the investors were told that there were risks with any investment. CTB believes that the investors should not be treated in a preferred manner. There is some merit to this argument. In this day, most investors willing and able to plunk down several hundred thousand dollars ought to be wary of any deal which promises such high rates of return. Yet, the bank could also have done its due diligence on White and discovered personal bankruptcy, federal tax liens, and a checkered past. The complaints filed by the SEC and CFTC in these civil cases are filed for the protection of investors, not creditors.

the Court finds that pro-rata distribution is fair.

The only lingering question is whether distributions to investors should take priority over that of the creditor CTB. Likewise, the Court must find that the Receiver's plan as to prioritization is also equitable. It is not an easy call, and CTB makes a compelling argument on its behalf. However, courts regularly grant defrauded investors a higher priority than defrauded creditors, and there is persuasive authority supporting this view. For instance, in *Quilling v. Trade Partners, Inc.*, 2006 WL 3694629 (W.D. Mich. 2006), the U.S. District Court for the Western District of Michigan adopted a magistrate judge's recommendation to reject the objection to a receiver's distribution plan that was filed by a creditor. The magistrate judge noted that as "an equitable matter in receivership proceedings arising out of a securities fraud, the class of fraud victims takes priority over the class of general creditors with respect to proceeds traceable to the fraud." *Id.* at *1.

CTB fails to link any fraudulent conduct committed by White to its losses. There is no evidence that White took any monies from CTB and put the same in his trading account. CTB is a financial institution whose business it is to scrutinize and collateralize those with whom it does business. CTB has simply failed to show any nexus between its loan and the fraud committed on investors.

**RECOMMENDATION**

For the reasons set forth herein, the Court recommends that CTB's objections be overruled and it should be ordered that the Receiver's Proposed Distribution Plan as set forth in Petition No. 3 in 4:13cv382 (*see* Dkt. 44) and Petition No. 4 in 4:13cv383 (*see* Dkt. 49) be APPROVED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE